

**FILED**
**Dec 19, 2019**
**01:51 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| CASEY HOPKINS, | ) | Docket No. 2019-05-0198 |
|      Employee, | ) | |
| v. | ) | |
| | ) | |
| EMPLOYBRIDGE HOLDING CO., | ) | State File No. 95177-2016 |
|      Employer, | ) | |
| And | ) | |
| | ) | |
| XL INS. AMERICA, INC., | ) | Judge Dale Tipps |
|      Carrier. | ) | |

---

### EXPEDITED HEARING ORDER GRANTING BENEFITS

---

This case came before the Court on December 12, 2019, for an Expedited Hearing on whether Ms. Hopkins is entitled to additional temporary disability benefits. For the reasons below, the Court holds she is entitled to the requested benefits.

### History of Claim

Ms. Hopkins suffered a significant work injury to her scalp on December 9, 2016. Employbridge, a temporary work agency, accepted the injury as compensable and provided medical treatment with Dr. Blair Summitt. Ms. Hopkins has undergone multiple reconstructive operations, and more are scheduled. She also continues to treat for accident-related PTSD with her authorized psychiatrist, Dr. Greg Kyser.

Dr. Kyser assigned Ms. Hopkins light-duty restrictions on March 20, 2017. According to the affidavit of Employbridge employee Cody Sankowski, those restrictions were no "factory work or work around machinery." Ms. Hopkins testified that she also had restrictions from Dr. Summitt for a while, although she did not provide details.

Employbridge accommodated Ms. Hopkins's restrictions with light duty from the date of her injury until September 20, 2018, when her job assignment ended. It then paid temporary disability benefits until November 27, 2018. According to Mr. Sankowski,

1

Ms. Hopkins no longer had physical work restrictions after that date but only the limitations on factory work and machinery. Employbridge also paid temporary disability benefits from January 9 to 22, 2019, after one of Ms. Hopkins's surgeries.

After her last assignment, Employbridge sent Ms. Hopkins for an interview with one of its clients, but she did not get the job. She also described a phone call with an Employbridge employee to discuss the possibility of a night-shift job. Ms. Hopkins expressed her preference not to work nights due to childcare concerns, but she said she would be willing if that were the only option. No job offer ever came from that conversation, and even though she asked several times, Employbridge never sent her for other interviews or made any work offers.

Ms. Hopkins testified that she had two jobs since her temporary benefits ended. She worked for Victoria's Secret for about a month in November and December 2018. She also worked for two weeks in December for a company called Premium. Regarding other jobs, Ms. Hopkins applied unsuccessfully with many other employers.[1]

At the hearing, Ms. Hopkins requested temporary partial disability benefits from November 28, 2018, to the present, minus the six weeks she worked during that period.

Employbridge contended that Dr. Kyser's medical restrictions are somewhat vague because they do not specify which type of machinery or factory work Ms. Hopkins should avoid. Also, it claimed the medical record is unclear as to which time period those restrictions cover. Finally, Employbridge argued that Ms. Hopkins has no physical restrictions but only has environmental restrictions that do not merit disability benefits. For these reasons, it asked the Court to deny her request.

### Findings of Fact and Conclusions of Law

Ms. Hopkins must provide sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). She seeks temporary partial disability (TPD), which are available when the temporary disability is not total. Specifically, TPD "refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." An employee may receive TPD benefits when the treating physician has her return to work with restrictions but the employer either (1) cannot return the employee to work within those restrictions or (2) cannot provide restricted work that pays the employee's average weekly wage on the date of injury. *Heard v. Carrier Corp.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 16, at *5-6 (April 20, 2018).

---

[1] She was recently hired by a carpentry company but has not yet begun work.

Applying these criteria, Mr. Sankowski confirmed that Ms. Hopkins had medical restrictions. Employbridge suggested some uncertainty exists about the duration of those restrictions but presented no evidence to rebut Ms. Hopkins's testimony that they are still in place. Further, although Employbridge discussed other job assignments with Ms. Hopkins, it made no offers to return her to work. Therefore, she is likely to prove at a hearing on the merits that Employbridge could not return her to work within her restrictions.

Employbridge contended that Dr. Kyser's restrictions are vague. The Court disagrees. The evidence was that Ms. Hopkins was to do no "factory work or work around machinery." These are admittedly very broad restrictions, but that does not make them vague. To the contrary, a straightforward reading indicates exactly which kind of work Ms. Hopkins may not do. Further, Employbridge has had over a year to ask Dr. Kyser, their own panel doctor, for clarification if they were concerned about the scope of Ms. Hopkins's limitations.

Regarding Employbridge's argument that the restrictions are only environmental, it produced no authority to suggest that environmental limitations are somehow different from physical restrictions in the TPD analysis. Further, psychiatric restrictions such as those assigned to Ms. Hopkins will generally be environmental rather than physical, and mental injuries are compensable under Tennessee Code Annotated section 50-6-102(14).

Ms. Hopkins established that, except for six weeks with other employers, she has not worked since September 20, 2018. Therefore, the Court holds she is likely to prevail at a hearing on the merits that she is entitled to TPD benefits for fifty-eight weeks,[2] as well as continuing TPD benefits under Tennessee Code Annotated section 50-6-207(2).

The Court is unable to calculate the sum owed due to Employbridge's failure to file a wage statement, the parties' failure to stipulate a compensation rate at the hearing, and the lack of any testimony from Ms. Hopkins as to her wages. Once Employbridge files a wage statement, the Court will order immediate payment.

**IT IS, THEREFORE, ORDERED** as follows:

1. Employbridge shall file a wage statement within **ten calendar days** of entry of this order so the Court may calculate the correct average weekly wage and compensation rate and issue an order for temporary disability benefits.

2. This matter is set for a Status Hearing on March 4, 2020, at 9:00 a.m. You must call toll-free at 855-874-0473 to participate. Failure to call might result in a

---

[2] September 21, 2018, to December 12, 2019, minus six weeks.

determination of the issues without your further participation.  All conferences are set using Central Time.

**ENTERED December 19, 2019.**


_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**


**APPENDIX**

Exhibits:
1. Rule 72 Declaration of Casey Hopkins
2. Rule 72 Declaration of Michele Simmons
3. Rule 72 Declaration of Cody Sankowski
4. Indexed Medical Records
5. Email from Dr. Greg Kyser

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Pre-Hearing Statement
5. Employer's Witness and Exhibit List

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on December 19, 2019.

| Name | Certified Mail | Email | Service sent to: |
|------|---------------|-------|------------------|
| David Goodman, Employee Attorney | | X | dgoodman@forthepeople.com |
| Tiffany B. Sherrill, Employer Attorney | | X | tbsherrill@mijs.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee**
_____

v.

_____
**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

    _____ Relationship: _____

    _____ Relationship: _____

    _____ Relationship: _____

    _____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone     $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing     $ _____ per month |
| Gas | $ _____ per month | Child Care     $ _____ per month |
| Transportation | $ _____ per month | Child Support   $ _____ per month |
| Car | $ _____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe:_____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                            RDA 11082